**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIE J. GRIFFIN,

  Petitioner,

    v.

KAREN HOGSTEN, *Warden*; THE
STATE OF FLORIDA; and U.S.
ATTORNEY GENERAL,

  Respondents.

NO. 3:07-CV-02194

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Petitioner Willie J. Griffin's Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  For the reasons stated below,

the Petition will be dismissed pursuant to 28 U.S.C. § 2244(b), as the Petitioner does not

meet the exception for filing a second § 2254 application for a writ of habeas corpus.

## BACKGROUND

On March 19, 1996, Petitioner was sentenced by the Escambia County Circuit

Court, First Judicial Circuit, in Pensacola, Florida, to a sentence of two-hundred and fifty-

two (252) months, with ten (10) years of supervised release. (Pet. ¶ 4 at 4.)  Petitioner

requested an appeal after the state trial, which was not filed by the appointed counsel,

Antoinette Stitt.  (*Id.* ¶ 6 at 4.)  Petitioner filed three appeals.  (*Id.* ¶ 8 at 5.)  These

included appeals to the District Court of Appeal, First District; the Florida Supreme Court;

and the United States Supreme Court.  (*Id.*)  His appeal was affirmed by the District Court

of Appeal, and certiorari was denied by both the Florida Supreme Court and the United

States Supreme Court.  (*Id.*)  Petitioner previously filed a § 2254 petition in the Northern

District of Florida in 1999.  (*Id.* ¶ 9 at 6.)   He is currently incarcerated at S.C.I. Allenwood

in Pennsylvania.  (*Id*. at 4.)

On December 4, 2007, Mr. Newby petitioned this Court for a writ of habeas

pursuant to 28 U.S.C. § 2254.


**DISCUSSION**

Petitioner has alleged in his petition for a writ of habeas corpus that he has

previously filed a  § 2254 petition with the district court in the Northern District of Florida.

Section 2244 imposes three requirements on second or successive habeas petitions.

First, any claim adjudicated in a previous petition must be dismissed.  28 U.S.C. §

2244(b)(1).  With very narrow exceptions, federal habeas limits a prisoner to only one

petition challenging his conviction or sentence.  *Mayle v. Felix*, 545 U.S. 644 (2005); *see*

*also* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas

corpus application under section 2254 that was presented in a prior application shall be

dismissed.").  Second, any claim that has not previously been adjudicated must be

dismissed unless it relies on a new and retroactive rule of constitutional law, or new facts

would show by clear and convincing evidence that the petitioner was innocent.  28 U.S.C.

§ 2244(b)(2).  Finally, before a district court may accept a second or successive

application, the petitioner must move in the appropriate court of appeals for an order

authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).

In this case, the Petitioner has not alleged what was included in the first petition

before the Northern District of Florida.  However, even assuming that the claim presented

in this second habeas corpus application was not previously presented, the petitioner has

failed to move in the appropriate court of appeals for an order authorizing this Court to

consider the application.  Nor has the Petitioner alleged that the claim relies on a new

rule of constitutional law, or that new facts would likely establish his innocence.

Therefore, the Petitioner's application for a write of habeas corpus will be dismissed.

    An appropriate order follows.


December 6, 2007                          /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIE J. GRIFFIN,

    Petitioner,

        v.

KAREN HOGSTEN, *Warden*; THE
STATE OF FLORIDA; and U.S.
ATTORNEY GENERAL,

    Respondents.

NO. 3:07-CV-02194

(JUDGE CAPUTO)

## ORDER

    **NOW**, this __6th__ day of December, 2007, **IT IS HEREBY ORDERED** that:

(1)    Petitioner Willie J. Griffin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

(2)    The Clerk of the Court is directed to mark this case as **CLOSED**.

                    /s/ A. Richard Caputo
                    A. Richard Caputo
                    United States District Judge